STATE EX REL. ELZEY *v.* JOHNSTON, JUDGE.

[No. 26,668. Filed May 1, 1936.]

*Noble H. Wible,* for appellant.

*Feemster & Feemster* and *Richard L. Ewbank,* for appellee.

TREMAIN, J.—This is an original action for a writ of prohibition, filed January 18, 1936. An alternative writ was issued.

It was issued upon a showing by the relatrix that an action was pending in the Fayette Circuit Court to contest the will of one Martha Jane Henderson, dated in 1932; that three separate actions were pending at that time in that court objecting to the probate of a later will of said decedent, dated in 1933. Among other averments it was alleged, in the action to contest the 1932 will, that the will of 1933 was the last and only will of the testatrix, and a trial of that case would dispose of all issues between the parties; that the respondent refused to set that action for trial, and had set for trial the actions objecting to the probate of the 1933 will. At

the time the alternative writ was issued this court was caused to understand that the issues had been closed in the four actions.

The response filed by respondent discloses that the suit to contest the will was filed March 28, 1935; that all of the parties defendant therein had not been served with process, and the issues in each of the actions were not closed at the time the original action was filed in this court; that notwithstanding the fact that the issues were not closed, the court did set the will contest suit for trial December 3, 1935, and set the other actions for trial December 9, 1935. Upon learning of the state of the records the respondent set aside the assignments in order to give time for service of process, and to close the issues, and assigned the will contest for trial March 2, 1936. The other actions were not reset for trial.

If anyone is derelict of duty it is the relatrix in not having caused process to have been served and the issues to have been closed in the suit to contest the will.

The record does not disclose any reason for issuing the temporary writ, and it is dissolved. The petition is denied.